UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON JIMENEZ,  :
                Petitioner,  :    Civil Action No. 16-0826 (MAS)
                v.  :    **MEMORANDUM AND ORDER**
STATE OF NEW JERSEY, et al.,  :
                Respondents.  :

*Pro se* Petitioner Jason Jimenez, a prisoner confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to file a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not sign the Petition, nor did he sign the declaration indicating the Petition is full, complete, and contains all claims Petitioner wishes to assert.

In addition, Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis* ("IFP") that contains an affidavit of indigence with a certification by an authorized official at his place of confinement certifying Petitioner's institutional account for the preceding six months, as required under L.Civ.R. 81.2(b).

IT IS therefore on this ___19th___ day of ___February___, 2016;

ORDERED that the Clerk shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally

1

filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]"); it is further

**ORDERED** that the Clerk of the Court shall supply to Petitioner a blank form Application to Proceed In Forma Pauperis in a Habeas Corpus Case (DNJ-PRO-SE-007-B.pdf), for use by a prisoner; it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form, and either: (1) a complete in forma pauperis application, including a signed affidavit of indigence with a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b), or (2) the $5 filing fee; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
**Michael A. Shipp**
United States District Judge