**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON JIMENEZ,
                Petitioner,

v.

STATE OF NEW JERSEY, et al.
                Respondents.

Civil Action No. 16-0826 (MAS)

**MEMORANDUM OPINION**

This matter having come before the Court on the Petition for Writ of Habeas Corpus of Petitioner Jason Jimenez, for relief under 28 U.S.C. § 2254. It appearing that:

1. On April 11, 2016, after having screened the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court issued a show-cause order directing Petitioner to show why the Petition should not be dismissed as untimely. (Order, Apr. 11, 2016, ECF No. 4.)

2. In the show-cause order, the Court found that the Petition appeared to be statutorily time-barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). During the Court's review of the case, the Court identified the state appellate court decision affirming the denial of Petitioner's application for post-conviction relief ("PCR"), *State v. Jiminez*, Indictment No. 06-09-1356, 2015 WL 1587951 (N.J. Super. Ct. App. Div. Apr. 10, 2015).[1] In that opinion, the appellate court stated that Petitioner was sentenced on December 17, 2007, and did not file an appeal. *Id.* at *1. Subsequently, he filed his PCR application on December 1, 2009. *Id.* Because

---

[1] Although Petitioner spells his last name as "Jimenez" in the Petition, the State seemed to have found that his last name is spelled "Jiminez." Indeed, in the New Jersey inmate database, Petitioner is identified as "Jason Jiminez" with "Jason Jimenez" as a known alias. *See* https://www20.state.nj.us/DOC_Inmate/details?x=1392799&n=1 (last visited Apr. 6, 2016).

Petitioner did not file his PCR application until December 1, 2009, more than a year after his conviction and sentence became final, by the time statutory tolling would have applied, his one-year limitations period had already expired. Therefore, it appeared that the Petition was statutorily time-barred.

3. In his response, Petitioner appears to argue for equitable tolling. He first states that he "immidiateily [sic] found [out] that [his] trail [sic] attorney Paul Bergrin never filed for [his] appeal so on the date of [J]anuary 16, 2008, [he] filed for a[n] appeal before [his] 45 day time-bar to file a[n] appeal." (Pet'r's Resp. 1, ECF No. 5.) He was told that he filed the appeal on the wrong form, and had to refile. *Id.* He then asserts that he was placed in administrative segregation, so he "did not have the acces[s] [he] needed to file a[n] appeal[.]" *Id.* Finally, he claims that he filed a motion on September 25, 2009, and filed a PCR application on December 1, 2009. *Id.* Petitioner also points to other incidents relating to his PCR counsel that occurred after December 1, 2009, but those facts are irrelevant to the instant matter, as the Court's show-cause order only inquired about the events that occurred before December 1, 2009.

4. Given the foregoing, even if the Court construes the September 25, 2009 filing as a properly filed appeal, that filing itself was made more than a year after Petitioner's conviction and sentence became final, so statutory tolling still would not have applied. As such, Petitioner's only "cause" for equitable tolling appears to be his alleged administrative segregation from January 16, 2008 to September 25, 2009. However, the Court fails to see why administrative segregation, by itself, would have prevented Petitioner from making the necessary filings. The Court recognizes that perhaps some extraordinary circumstance specific to Petitioner's administrative segregation may have prevented him from making a filing. Petitioner, however, provides no explanation or evidence to that effect. Merely asserting that Petitioner was in administrative segregation is not

enough to warrant equitable tolling. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Ross v. Varano*, 712 F.3d 784, 803 n.29 (3d Cir. 2013) (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

5. Here, Petitioner states in a conclusory fashion that: (1) he diligently pursued his rights; (2) he was actively misled by his PCR counsel; and (3) he timely asserted his rights in the wrong forum. (Pet'r's Resp. 1.) However, there is no evidence to support any of the foregoing. Waiting twenty months to file an appeal simply because he was in administrative segregation is not diligent. In addition, allegedly being misled by his PCR counsel after the statute of limitations had already expired does not constitute good cause to excuse the untimeliness. Furthermore, filing the wrong *form* is not the same as filing in the wrong *forum*.

6. Having analyzed Petitioner's arguments and found them meritless, the Court now finds that the Petition is untimely, and that Petitioner has not demonstrated good cause as to why his Petition should not be dismissed. As such, the Court dismisses the Petition as time-barred.

7. Lastly, the Court denies a certificate of appealability ("COA"). Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a COA on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484

3

(2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Here, the Court denies a COA pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

_____s/ Michael A. Shipp_____  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

Date: July 13, 2016